Case 5:16-cv-00157 Document 32 Filed on 01/11/17 in TXSD Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
January 11, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| RICARDO SARLI, | § § § | |
| Petitioner, | § § | |
| V. | § | CIVIL ACTION NO. 5:16-CV-157 |
| LORIE DAVIS, | § § § | |
| Respondent. | § § | |

## REPORT AND RECOMMENDATION

Before the Court is Petitioner Ricardo Sarli's *pro se* petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody (the "Petition"). (Dkt. 1). Respondent Lorie Davis filed a motion for summary judgment, (Dkt. 27), to which Petitioner responded. (Dkt. 31). For the reasons set forth below, the Magistrate Judge will recommend that the District Court grant Respondent's motion for summary judgment, deny Petitioner's request for habeas relief, and dismiss Petitioner's underlying claims.

### I. Jurisdiction

Petitioner challenges his convictions for sexual assault, possession of a controlled substance, and burglary of a habitation. Petitioner also states that he wishes to challenge a "possession firearms" conviction. (Dkt. 1 at 2). The Magistrate Judge will evaluate whether the District Court holds jurisdiction to review these convictions.

**A.    Sexual Assault and Burglary Convictions**

In a 28 U.S.C. § 2254 proceeding, jurisdiction is proper "in the district court for the district wherein [the petitioner] is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d); *Wadsworth*

*v. Johnson*, 235 F.3d 959, 961–62 (5th Cir. 2000). The 341st Judicial District Court for Webb County, Texas convicted and sentenced Petitioner for sexual assault and burglary. (Dkt. 28, Attach. 5 at 56–59; *id.*, Attach. 24 at 15–19). Because Webb County falls within this District and Division, 28 U.S.C. § 124(b)(3), the Court has jurisdiction over the Petition to the extent that it challenges Petitioner's sexual assault and burglary convictions.

**B.     Controlled Substance and "Firearms" Convictions**

The federal habeas statute provides, in pertinent part, that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a). The "in custody" language means that a federal habeas court lacks subject-matter jurisdiction over a petition to the extent that it challenges a conviction that the petitioner "fully discharged" before he filed the petition. *Maleng v. Cook*, 490 U.S. 488, 491–92 (1989); *Zuniga v. Lynch*, 619 F. App'x 366, 367 (5th Cir. 2015).

Petitioner filed the Petition on June 1, 2016, (Dkt. 1 at 10),[1] almost thirteen years after he discharged his sentence for possession of a controlled substance. (Dkt. 27, Attach. 1). Because Petitioner filed the Petition after he fully discharged his controlled substance conviction and sentence, the Court lacks jurisdiction over the Petition to the extent that it challenges Petitioner's controlled substance conviction.

Petitioner states that he wishes to challenge a "possession firearms" conviction. (Dkt. 1 at 2). In the motion for summary judgment, Respondent asserts that she "has been unable to locate records of any such conviction and sentence having been served by [Petitioner] . . . ." (Dkt. 27 at 2 n.1). Indeed, records show that Petitioner has not served a sentence for unlawful possession of firearms. (*Id.*, Attach. 1 at 2). In any case, because Petitioner was not in custody

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (prison mailbox rule).

for a firearms conviction at the time he filed the Petition, the Court lacks jurisdiction over the Petition to the extent that it challenges such a conviction.

## II. Procedural History

In April 1989, in the 341st Judicial District Court for Webb County, Texas, Petitioner was convicted of sexual assault and sentenced to thirty-five years' imprisonment. (Dkt. 28, Attach. 5 at 56–59). The Fourth Court of Appeals affirmed the conviction, (*id.*, Attach. 7), and then the Texas Court of Criminal Appeals ("TCCA") refused Petitioner's petition for discretionary review.[2] Petitioner neither sought a writ of certiorari from the United States Supreme Court nor filed a state habeas application.

In January 1994, in the 341st Judicial District Court for Webb County, Texas, a grand jury indicted Petitioner for burglary of a habitation and theft. (*Id.*, Attach. 24 at 14). Petitioner pled guilty to the burglary charge. (*Id.* at 15). On April 13, 1994, the court sentenced Petitioner to twenty years' imprisonment, to run consecutively to his thirty-five-year sentence for sexual assault. (*Id.*). Petitioner did not appeal the conviction. However, on October 2, 2015, Petitioner challenged the conviction through a state habeas application, (*id.* at 24–41), which the TCCA denied without written order. (*Id.*, Attach. 23).

## III. Petitioner's Claims

On June 1, 2016, Petitioner filed this Petition. (Dkt. 1 at 10). In four grounds for relief, he raises the following claims: (1) his twenty-year consecutive sentence violates the Double Jeopardy clause; and (2) his retained attorney agreed to represent him "on everything concerning" his burglary case, yet failed to represent him in his state or federal habeas proceedings. (Dkt. 1 at 6–7).

---

[2] Although Respondent did not file a copy of the TCCA's decision, a case search confirms that the TCCA refused the petition. Case Report, Case No. 04-89-00250-CR, http://www.search.txcourts.gov/Case.aspx?cn=04-89-00250-CR&coa=coa04.

## IV. Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitations period applies to a state prisoner's federal petition for a writ of habeas corpus. Pub. L. No. 104-132, 110 Stat. 1214. The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period excludes "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. § 2244(d)(2).

### A. Petitioner Did Not Timely File His Claims.

Section 2244(d)(1)(A) governs the timeliness of Petitioner's claims. Subsections B, C, and D do not apply because Petitioner does not allege a state impediment, rely on a newly recognized constitutional right, or present evidence that he could not have discovered at the time of final judgment. Pursuant to § 2244(d)(1)(A), the one-year limitations period on Petitioner's claims runs from the date on which the challenged judgment became final.

#### 1. Burglary Judgment

Petitioner was convicted of burglary on April 13, 1994. The judgment became final on May 13, 1994, when the thirty-day deadline to seek direct review expired. Tex. R. App. P. 26.2(a)(1). Accordingly, to the extent that Petitioner's claims challenge his burglary conviction,

the limitations period expired on May 13, 1995. Although Petitioner challenged the conviction through a state habeas application, the application did not toll the limitations period because Petitioner filed it in October 2015, long after the limitations period expired. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

### 2. Sexual Assault Judgment

On September 26, 1990, the TCCA refused Petitioner's petition for discretionary review ("PDR") of his sexual assault conviction.[3] Under United States Supreme Court Rule 13(1), the deadline to file a petition for certiorari expired ninety days after the TCCA refused the PDR. Because Petitioner did not file a petition for certiorari, the judgment became final on December 25, 1990, when the ninety-day deadline expired. *Catchings v. Fisher*, 815 F.3d 207, 209 (5th Cir. 2016). Accordingly, to the extent that Petitioner's claims challenge his sexual-assault conviction, the limitations period expired on December 25, 1991.

### 3. Grace Period

The Fifth Circuit has held that "AEDPA's one year statute of limitation cannot be applied to retroactively extinguish claims that were technically time-barred before the effective date of AEDPA." *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). Because Petitioner's convictions became final before the AEDPA was enacted, Petitioner was entitled to file a federal habeas petition up to one year after the Act's April 24, 1996 effective date. *Williams v. Cain*, 217 F.3d 303, 304 n.1 (5th Cir. 2000). The one-year grace period expired on April 24, 1997. *Flanagan*, 154 F.3d at 202. Petitioner filed the Petition more than nineteen years too late.

### B.  Petitioner's Claims Are Not Subject to Equitable Tolling.

The AEDPA's one-year limitations period may be equitably tolled in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000). A

---

[3] *See id.*

petitioner is entitled to equitable tolling only if he shows (1) that he has diligently pursued his rights, and (2) that an "extraordinary circumstance" stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010).[4] The decision to invoke equitable tolling lies within a district court's discretion. *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Petitioner contends that the statute of limitations does not bar his Petition because he is ill and confined to an infirmary. (Dkt. 1 at 9). However, an illness that does not incapacitate the petitioner during the limitations period cannot support equitable tolling. *See Hulsey v. Thaler*, 421 F. App'x 386, 391 (5th Cir. 2011); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). In October 2015, Petitioner filed a document that states, "I have been [diagnosed] with pulmonary liver syndrome and [cirrhosis] to the liver, with a life span of 6 months to a year." (Dkt. 1 at 28). This statement suggests that Petitioner learned of his illness around October 2015, and that the illness did not afflict him before the AEDPA's grace period expired in April 1997. Regardless, because Petitioner has presented no evidence that his illness incapacitated him during the limitations period, the illness does not provide a basis to toll the statute of limitations.

Petitioner additionally argues that the statute of limitations does not bar his Petition because, since 1994, his retained attorney has failed to represent him, ignored his letters, and given his family the "run-around." (Dkt. 1 at 9; Dkts. 18, 25, 31). The Fifth Circuit has held that "petitioners seeking to establish due diligence must exercise diligence even when they receive inadequate legal representation." *Manning v. Epps*, 688 F.3d 177, 185 (5th Cir. 2012). Furthermore, "ineffective assistance of counsel is irrelevant to the tolling decision because a

---

[4] Alternatively, a petitioner can overcome the AEDPA's statute of limitations if he demonstrates his "actual innocence." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). To do so, a petitioner must present new evidence and establish that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Petitioner neither claims that he is actually innocent nor presents new evidence that would support such a finding.

prisoner has no right to counsel during post-conviction proceedings." *Id.* (quoting *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008)). The "act of retaining an attorney does not absolve the petitioner of his responsibility for overseeing the attorney's conduct or the preparation of the petition." *Id.* (quoting *Doe v. Menefee*, 391 F.3d 147, 175 (2d Cir. 2004) (Sotomayor, J.)).

Petitioner did not collaterally attack his burglary or sexual assault convictions until October 2015, more than eighteen years after the AEDPA's grace period expired. Petitioner's prolonged inaction precludes a finding that he diligently pursued his rights. *Id.* at 186 ("Complete inactivity in the face of no communication from counsel does not constitute diligence."). Accordingly, the Court finds that equitable tolling is inappropriate and that the Petition is time-barred.

## V. Discovery Motion

Petitioner asks the Court to order his retained attorney to file an affidavit regarding the terms of his plea agreement in his controlled substance case. (Dkt. 25). In a federal habeas proceeding, a petitioner may conduct discovery "only if and only to the extent that the district court finds good cause." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000). Good cause exists when a petition "establishes a prima facie claim for relief." *Id.* Because the Petition is time-barred and the Court lacks jurisdiction to review Petitioner's controlled substance conviction, Petitioner cannot establish a *prima facie* claim for relief. Accordingly, the District Court should deny Petitioner's discovery motion.

## VI. Recommendation

For the foregoing reasons, the Magistrate Judge recommends that the District Court **GRANT** Respondent's motion for summary judgment, (Dkt. 27), **DENY** Petitioner's request for habeas relief, (Dkt. 1), and **DENY** Petitioner's discovery motion, (Dkt. 25).

## VII. Objections

The parties may file written objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). If a party objects within fourteen days after the party service of this Report, the District Court will review *de novo* the findings or recommendations to which the party objects. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996). The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). If a party does not object within fourteen days, the party forfeits its right to District Court review. *Thomas*, 474 U.S. at 150. Furthermore, if a party does not timely object and then the District Court accepts this Report's findings and legal conclusions, on appeal such findings and conclusions will be reviewed only for plain error. *Douglass*, 79 F.3d at 1428.

## VIII. Service

The Court **DIRECTS** the Clerk of Court to mail a copy of this Report to Petitioner by any receipted means.

SIGNED this 11th day of January, 2017.

_____
GUILLERMO R. GARCIA
United States Magistrate Judge