UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| RICARDO SARLI, § § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 5:16-CV-157 |
| § | |
| LORIE DAVIS, § § | |
| Respondent. § | |

## MEMORANDUM & ORDER

Pending is the Magistrate Judge's Report and Recommendation concerning Respondent's motion for summary dismissal of Petitioner's request for section 2254 habeas relief. (Dkt. 32.) As the Magistrate Judge understands the pleadings, Petitioner challenges on varying constitutional grounds a 1989 conviction for sexual assault (*id.* at 1, 3, 5), a 1993 conviction for cocaine possession (*id.* at 1-2), a 1994 conviction for burglary of a habitation (*id.* at 1-5), and what Petitioner refers to at times as a "possession firearms" conviction (*id.* at 1-3). The Magistrate Judge recommends granting Respondent's summary judgment motion. According to the Magistrate Judge, this Court lacks jurisdiction to hear Petitioner's challenge to the validity of his cocaine and firearms convictions. (*Id.* at 2-3.) Petitioner is not in "custody" for purposes of section 2254, the Magistrate Judge concludes, because his sentence on the cocaine conviction has already been discharged, and there is no record that Petitioner was ever sentenced for a firearms-related offense. (*Id.* at 2-3.) With respect to Petitioner's challenges to the sexual assault and burglary convictions, the Magistrate Judge concludes that these claims are barred by the applicable one-year limitations period for the filing of a habeas petition. (*Id.* at 4-7.) In light of this recommended dismissal, the Magistrate Judge also recommends that Petitioner's motion for discovery be denied. (*Id.* at 7.)

Now, Respondent has submitted objections to the report. (Dkt. 34.) He begins by clarifying that he is only challenging the firearms conviction. (*See id.* at 1.) Respondent also offers that the reason no record of the firearms conviction can be found is because he was only arrested—but not indicted—for that offense, which he refers to by case number "D.A. # 57667." (*Id.*) Indeed, based on these circumstances and a review of the rest of the pleadings, it appears that Petitioner's firearm and burglary convictions are actually one and the same. Petitioner alludes several times to the fact that the firearms case was initially labeled by officials as D.A. # 57667 but later indicted as a burglary of a habitation under case number K-94-00007. (*See* Dkt. 1 at 2, 7; *see also* Dkt. 31 at 2-3.) The underlying allegations seem to be that Petitioner stole a firearm from a home which he burglarized. (*See* Dkt. 1 at 27.)

Nevertheless, in arguing that his constitutional challenge to the burglary conviction is in fact timely, Petitioner points to "new evidence" in the form of a written plea bargain to the cocaine offense. (*See* Dkt. 34 at 2; *see also* Dkt. 1 at 15-18, 31.) Petitioner reads the document to provide that the sentence on the cocaine conviction was to run concurrent to the sentence on the burglary conviction, which at the time had yet to be formally indicted. (*See* Dkt. 34 at 2; *see also* Dkt. 1 at 7.) Petitioner contends that had evidence of this plea agreement been disclosed later at his sentencing for the burglary conviction, the sentencing court would have ordered this sentence to run concurrent—rather than consecutive as it did—in relation to his sentences on other convictions. (*See* Dkt. 1 at 17, 27-28.) Whatever the case, Petitioner himself indicates that it was his wife who sent a copy of the plea agreement to him while he was in prison. (*See* Dkt. 34 at 2.) This suggests that the document has remained in his possession (or at least available for his review), which would defeat his claim of newly-discovered evidence. In terms of equitable tolling of the limitations period, Petitioner complains of the fact that his trial attorney has

essentially ignored his post-conviction requests for legal counsel.[1] (*Id.* at 2-3.) However, as the Magistrate Judge noted in his report, "ineffective assistance of counsel is irrelevant to the [equitable] tolling decision because a prisoner has no right to counsel during post-conviction proceedings." *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008).

For these reasons, the Magistrate Judge's report (Dkt. 32) is hereby ACCEPTED to the extent that he recommends granting Respondent's motion for summary dismissal on the grounds that Petitioner's claims concerning his burglary conviction—the only conviction at issue—are time-barred. The Magistrate Judge's report is also ACCEPTED insofar as he recommends that Respondent's discovery motion be denied. Respondent's summary judgment motion (Dkt. 27) is accordingly GRANTED. Petitioner's section 2254 petition (Dkt. 1) is hereby DISMISSED as time-barred, and his motion for discovery (Dkt. 25) is hereby DENIED.

The Clerk of Court is hereby DIRECTED to TERMINATE this case. The Clerk is further DIRECTED to mail Petitioner a copy of this order by any receipted means.

IT IS SO ORDERED.

SIGNED this 26th day of April, 2017.

_____
Diana Saldaña
United States District Judge

---

[1] Although Petitioner has previously referred to his poor health, he now states, "I am not using my illness as an excuse for not filing a proper civil action . . . ." (Dkt. 34 at 2.)